IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIANGYUAN ZHU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-2539-KHV |
| ) | |
| FEDERAL HOUSING FINANCE BOARD, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the court on plaintiff's motion **(doc. 155)** for reconsideration of the court's order staying this case (doc. 138). The court finds it unnecessary to await a response by defendants.

> D. Kan. Rule 7.3, in pertinent part, provides:
>
> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.
>  . . . .
> (b) . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1]  A motion to reconsider gives the court the opportunity to correct manifest errors

---

[1] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

O:\ORDERS\04-2539-155.wpd

of law or fact and to review newly discovered evidence.[2]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]

The court concludes that plaintiff has not presented any information warranting reconsideration of the court's earlier order.  The court concludes that it has not misapprehended any of the parties' positions, nor has it made a mistake of law.  In addition, plaintiff has not presented any new evidence that could not have been obtained earlier through the exercise of due diligence.  Therefore, the stay entered on July 12, 2005 remains in effect.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to reconsider **(doc. 155)** is denied.

2. Copies of this order shall be served on all counsel of record and the pro se plaintiff.

Dated this 28th day of July, 2005, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[2] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[3] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).