**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **XIANGYUAN ZHU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2539-KHV |
| **FEDERAL HOUSING FINANCE BOARD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

*Pro se* plaintiff Xiangyuan Zhu brings suit against the Federal Housing Finance Board ("Finance Board"), the Federal Home Loan Bank of Topeka ("FHLB-Topeka") and individual directors, officers and employees of FHLB-Topeka.

On September 22, 2005, the Court dismissed all claims against the Finance Board and all claims against the individual defendants. The Court also dismissed plaintiff's claims against FHLB-Topeka under 42 U.S.C. §§ 1982 (Count 1(b)), 1985 (Count 2(a)), and 1986 (Count 2(b)); Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. (Count 3), the Fair Housing Act, 42 U.S.C. § 3601 et seq. (Count 4), the First, Fifth, Thirteenth and Fourteenth Amendments to the Constitution of the United States (Counts 5, 6(a) and 6(b)); 18 U.S.C. § 1514A of the Sarbanes-Oxley Act (Count 7), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (Count 8); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. (Count 9(a)); the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Count 10(a)); the Equal Pay Act (salary discrimination), 29 U.S.C. § 206(d) (Count 10(b)); Title VII (race discrimination) (Count 10(f)); Title VII (national origin disparate treatment) (Count 10(g)); Title VII (retaliation) (Count 10(i)); and the Age Discrimination

in Employment Act, 29 U.S.C. § 621 et seq. (Count 10(j)). See Memorandum And Order (Doc. #186) filed September 22, 2005. The Court left in the case plaintiff's claims that FHLB-Topeka violated 42 U.S.C. § 1981 (Count 1(a)); terminated her employment in violation of the FMLA, 29 U.S.C. § 2611 et seq. (Count 9(b)); terminated her employment in retaliation for engaging in activity protected under the EPA, in violation of 29 U.S.C. § 215(a)(3) (Count 10(c)); maintained a sexually hostile work environment in violation of Title VII (Count 10(d)); terminated plaintiff's employment because of her sex in violation of Title VII (Count 10(e)); and maintained a hostile work environment based on national origin in violation of Title VII (Count 10(h)).

This matter comes before the Court on Plaintiff's Memorandum In Support Of Motion For Reconsideration Of Memorandum And Order (Doc. #192) filed October 12, 2005, Plaintiff's Memorandum In Support Of Motion To Add Or Amend Findings Of Fact (Doc. #193) filed October 14, 2005[1] and Plaintiff's Objections To Magistrate Judge's Order Doc. #138 (Doc. #163) filed August 12, 2005.[2] For reasons set forth below, the Court finds that plaintiff's motions should be overruled.

## Legal Standards

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds

---

[1] Plaintiff asks the Court to add to or amend the facts which the Court set out in ruling on defendants' motions to dismiss. The facts which the Court set forth in the memorandum and order (Doc. #186) summarized the amended complaint. The "corrections" which plaintiff seeks would not change the Court's analysis of the motions to dismiss. "Additions" would be improper because the Court was required to evaluate the sufficiency of plaintiff's amended complaint, as it then stood. The Court therefore overrules plaintiff's motion to add or amend "findings of fact."

[2] Plaintiff objects to the magistrate's order which stayed discovery pending the Court's ruling on the dispositive motions. Because the Court has now ruled on the dispositive motions, plaintiff's objections to the stay of discovery are moot.

justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

The Court affords a *pro se* plaintiff some leniency and must liberally construe the complaint. See Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1333 (D. Kan. 1994). While *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants must follow the same procedural rules as other litigants. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). The Court may not assume the role of advocate for a *pro se* litigant. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### **Analysis**

The Court incorporates by reference the memorandum and order (Doc. #186) which sets forth the allegations of plaintiff's amended complaint and the Court's rulings on defendants' motions to dismiss. Plaintiff asks the Court to reconsider its ruling as to several claims.

First, plaintiff cites an allegedly intervening change in law. Plaintiff notes that 18 U.S.C. § 1513(e) became effective July 2002. She then asserts that in 2003, FHLB-Topeka interfered with her

lawful employment under 18 U.S.C. § 1513(e) when its representative acted as a witness in a car accident case. Plaintiff has not cited an intervening change of law to justify reconsideration. The statute on which plaintiff relies was effective in July of 2002 and she does not allege that the law has changed since the Court's ruling.

Plaintiff next presents "newly discovered evidence" which allegedly was not available or "not included" in her amended complaint, including the following: (1) on March 31, 2005, FHLB-Topeka restated its financial statements for 2001 which resulted in a $2.3 million reduction in 2004 net income; (2) an official of the Department of the Treasury testified that the figures for the issuance of Federal Home Loan Bank debt securities were higher than the figures provided by the official web site; (3) in early May 2000, plaintiff received a letter dated April 28, 2000 which stated that HUD had filed her complaint under the Federal Fair Housing Law; and (4) plaintiff received overall performance ratings of "meets expectations" with a reasonable accommodation of a modified work schedule. Even if plaintiff had set forth these allegations in her amended complaint, she has not provided any reasons why they would change the result on any of her claims. This "newly discovered" evidence provides no basis for reconsideration.

Finally, plaintiff asserts that the Court's decision contains clear errors of law which require reconsideration to prevent manifest injustice. The Court has reviewed plaintiff's assertions and finds no clear errors of law. Specifically, the Court rejects plaintiff's assertions that the Court erred in (1) finding that the Finance Board is entitled to sovereign immunity; (2) dismissing plaintiff's claim under Sarbanes-Oxley; and (3) dismissing plaintiff's claims under the ADA and the ADEA for failure to exhaust administrative remedies. Further, to the extent plaintiff asserts that the Court erred in overruling her motions for leave to file a second amended complaint, the Court notes that plaintiff

is not precluded from filing a proper motion to amend which complies with D. Kan. Rule 15.1.

**IT IS THEREFORE ORDERED** that Plaintiff's Memorandum In Support Of Motion For Reconsideration Of Memorandum And Order (Doc. #192) filed October 12, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Memorandum In Support Of Motion To Add Or Amend Findings Of Fact (Doc. #193) filed October 14, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections To Magistrate Judge's Order [To Stay Discovery Pending Ruling On Dispositive Motions] (Doc. #163) filed August 12, 2005 be and hereby is **OVERRULED** as moot.

Dated this 2nd day of November, 2005 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge