# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **XIANGYUAN ZHU,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 04-2539-KHV** |
| **v.** | ) | |
| | ) | |
| **FEDERAL HOUSING FINANCE BOARD,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Xiangyuan Zhu brought suit against the Federal Housing Finance Board ("Finance Board"), the Federal Home Loan Bank of Topeka ("FHLB-Topeka") and individual directors, officers and employees of FHLB-Topeka, alleging numerous federal and state law claims. On September 22, 2005, the Court dismissed all claims against the Finance Board and all claims against the individual defendants. See Memorandum And Order (Doc. #186). The Court also dismissed many of plaintiff's claims against FHLB-Topeka, as set out below. This matter comes before the Court on Plaintiff's Motion For Leave To File Verified Second Amended Complaint (Doc. #200) and Plaintiff's Motion To Alter Or Amend The Memorandum And Order (Doc. #215), both filed December 1, 2005. For reasons set forth below, the Court finds that plaintiff's motions should be overruled.

## Procedural History

Plaintiff originally filed suit on December 31, 2002 in the United States District Court for the District of Columbia. Nearly two years later, on October 29, 2004 the District of Columbia Court

transferred the case to this District.  On December 13, 2004, plaintiff filed an amended complaint.  On September 22, 2005, the Court dismissed all claims against the Finance Board and the individual defendants.  The Court also dismissed plaintiff's claims against FHLB-Topeka under 42 U.S.C. §§ 1982 (Count 1(b)), 1985 (Count 2(a)) and 1986 (Count 2(b)); Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. (Count 3); the Fair Housing Act, 42 U.S.C. § 3601 et seq. (Count 4); the First, Fifth, Thirteenth and Fourteenth Amendments to the Constitution of the United States (Counts 5, 6(a) and 6(b)); 18 U.S.C. § 1514A of the Sarbanes-Oxley Act (Count 7); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  (Count 8); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. (Count 9(a)); the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Count 10(a)); the Equal Pay Act ("EPA") (salary discrimination), 29 U.S.C. § 206(d) (Count 10(b)); Title VII (race discrimination) (Count 10(f)); Title VII (national origin disparate treatment) (Count 10(g)); Title VII (retaliation) (Count 10(i)); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (Count 10(j)).  See Memorandum And Order (Doc. #186) filed September 22, 2005.  The Court left in the case plaintiff's claims that FHLB-Topeka violated 42 U.S.C. § 1981 (Count 1(a)); terminated her employment in violation of the FMLA, 29 U.S.C. § 2611 et seq. (Count 9(b)); terminated her employment in retaliation for engaging in activity protected under the EPA, in violation of 29 U.S.C. § 215(a)(3) (Count 10(c)); maintained a sexually hostile work environment in violation of Title VII (Count 10(d)); terminated plaintiff's employment because of her sex in violation of Title VII (Count 10(e)); and maintained a hostile work environment based on national origin in violation of Title VII (Count 10(h)).  On November 2, 2005 the Court overruled plaintiff's Motion For Reconsideration (Doc. #192) and Motion To Add Or Amend Findings Of Fact (Doc. #193).  See Memorandum And Order (Doc. 197).

On December 2, 2005, plaintiff filed her motions to file a second amended complaint and to alter or amend. The proposed second amended complaint runs 75 pages, the first 60 of which largely restate the factual allegations of the amended complaint. Having already set out those facts at length, see Doc. #186 at 3-25, the Court will not summarize the proposed second amended complaint here. The Court has carefully reviewed the proposed second amended complaint, however, and incorporates it by reference. The proposed second amended complaint seeks to revive many of the claims which the Court has dismissed. See Memorandum And Order (Doc. # 186). Specifically, the proposed second amended complaint seeks to re-assert claims under RICO, Title VII (race discrimination and retaliation), the ADA, the EPA and the FLSA (overtime). Plaintiff also seeks to add new claims for common law conspiracy and common law negligence. See Proposed Second Amended Complaint, Doc. #201, Att. 1, Counts 8-11.

### Legal Standards

Under Rule 15, Fed. R. Civ. P. 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Subsequent amendments are allowed by leave of court or written consent of the adverse party. Although Rule 15(a) requires that leave to amend "be freely given when justice so requires," whether leave should be granted is within the trial court's discretion. Fed. R. Civ. P. 15(a); see Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). The Court should deny leave to amend only when it finds undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that plaintiff

3

can prove no set of facts in support of [her] claim which would entitle [her] to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (further quotations omitted). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims. Although plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court affords a *pro se* plaintiff some leniency and must liberally construe the complaint. See Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1333 (D. Kan. 1994).

### Standards For Motions To Alter Or Amend

The Court has discretion whether to grant or deny a motion to alter or amend the judgment. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to alter or amend is essentially a motion for reconsideration. Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir. 1989); Koch v. Shell Oil Co., 911 F. Supp. 487, 489 (D. Kan. 1996).

The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W.  Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to

revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

**Analysis**

**I.      Motion for Leave to Amend the Complaint To Assert New Claims**

Plaintiff seeks leave to amend her complaint to assert two new claims: (1) common law conspiracy by the individual defendants (Count 8); and (2) common law negligence by FHLB-Topeka (Count 9), the FHLB-Topeka Board Of Directors (Count 10) and the Finance Board (Count 11).[1]  Defendants oppose the motion to amend on the grounds that (1) the motion is untimely, (2) defendants will suffer undue prejudice if amendment is allowed,  (3) amendment would be futile because the proposed new claims are barred by the statute of limitations and/or otherwise fail to state a claim and (4) the proposed amendments are the result of plaintiff's bad faith or dilatory motive.

**A.      Untimeliness**

Defendants first assert that plaintiff's motion to amend is untimely because plaintiff  knew all of the facts on which her new claims are based before she filed her first two complaints.  As noted, plaintiff filed her original complaint on December 31, 2002 in the U.S. District Court for the District of Columbia.  That court transferred the case to the District of Kansas on October 29, 2004.  Plaintiff filed an amended complaint in this Court on December 13, 2004.  See Doc. #72.  On July 12, 2005, Magistrate Judge James O'Hara stayed discovery and other deadlines in this case pending further order of the Court.  Thus the Court has set not a deadline for amending the complaint.  Although

---

[1]      In its Memorandum And Order (Doc. #186) the Court set out the names of the individual defendants, the defendant members of the FHLB-Topeka Board of Directors and the defendant members of the FHLB Finance Board.  The Court does not repeat the names here, but incorporates by reference the listing in Doc. #186.

5

plaintiff filed her current motion to amend three years after she filed the original complaint, the delay was primarily caused by the court proceedings in the District of Columbia. In these circumstances, the Court cannot find that plaintiff's motion is untimely.

      B.      Futility of Amendment

            1.      Statute Of Limitations

Defendants argue that applicable statutes of limitations bar the proposed new claims. In order to determine whether the proposed amendments are futile, the Court must analyze plaintiff's proposed amendments as if they were before it on a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. Dismissal pursuant to Rule 12(b)(6) is proper when the face of the complaint indicates an affirmative defense such as noncompliance with the limitations period. See Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).

Defendants contend that plaintiff's proposed conspiracy and negligence claims are governed by the two year statute of limitations for injury to the rights of another. See Kan. Stat. Ann. § 60-513(a)(4) (two-year limitations period for injury to the rights of another – excluding contract actions – that are not otherwise provided for in statutes). Courts have applied this two-year statute of limitations to claims of negligence and wrongful termination. See Resolution Trust Co. v. Scaletty, 257 Kan. 348, 353 (1995) (negligence); Whye v. City Council for the City of Topeka, 278 Kan. 458 (2004) (wrongful termination contrary to public policy); see also Meyer Land & Cattle Co. v. Lincoln County Conservation Dist., 29 Kan. App.2d 746, 750-51 (statute of limitations for civil conspiracy provided by statute of limitations for underlying tort). Defendants assert that plaintiff's proposed claims of civil conspiracy, negligent hiring and negligent supervision accrued no later than July 26, 2001 (when FHLB-Topeka fired her) and thus the statute of limitations ran on July 26, 2003.

Defendants argue that because plaintiff did not file the instant motion to amend until December 1, 2005, the claims are time barred.  Plaintiff responds that her proposed amendments are not time barred because they relate back to the date of filing of her original complaint, *i.e.* to December 31, 2002.  Defendants have not replied to plaintiff's argument.

The relation back of amendments to pleadings in a federal court action is governed by the Federal Rules of Civil Procedure.  See, e.g., In re Estate of Kout v. U.S., 241 F. Supp.2d 1183, 1191 (D. Kan. 2002); Lemmons v. Bd. of County Comm'rs of Brown County, No. 00-2297-CM, 2002 WL 370227, at *2 (D. Kan. Feb. 21, 2002) (citations omitted). Rule 15(c)(2), Fed. R. Civ. P. provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c).  It is within the district court's sound discretion to decide whether a new claim arises out of the same "conduct, transaction or occurrence." Kidwell v. Bd. of County Comm'rs of Shawnee County, 40 F. Supp.2d 1201, 1217 (D. Kan. 1998) (citing Wilson v. Fairchild Republic Co., Inc., 143 F.3d 733, 738 (2d Cir.1998)).  The premise underlying Rule 15(c) is that the defendant, "once notified of pending litigation over particular conduct or a certain transaction or occurrence . . . has been given all the notice required for purposes of the statute of limitations." Marsh v. Coleman Co., Inc., 774 F. Supp. 608, 612 (D. Kan. 1991) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 n. 3 (1984)).  The linchpin to Rule 15(c) is notice before the limitations period expires. Kidwell, 40 F. Supp.2d at 1216.  In other words, a defendant is not deprived of the protection of the statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise. Id.

Generally speaking, amendments are deemed to relate back "if they only flesh out the factual details, change the legal theory, or add another claim arising out of the same transaction, occurrence or conduct." Marsh, 774 F. Supp. at 612 (D. Kan. 1991) (citing 3 James W. Moore & Richard D. Freer, Moore's Federal Practice ¶ 15.15[2] (2d Ed. 1985). Conversely, amendments do not relate back if they "are based on entirely different facts, transactions, and occurrences." Marsh, 774 F. Supp. at 612. "[I]f the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired." 6A Charles Alan Wright, et al., Federal Practice and Procedure Civil 2d: § 1497 (2d ed. 1990).

The proposed new claims of common law conspiracy and negligence arise out of the same conduct, transactions and occurrences which plaintiff alleged in her original and first amended complaints. Defendants have not shown that the proposed amended claims, Counts 8-11, are barred by the statute of limitations.

2.    Failure to State A Claim

Defendants next argue that plaintiff's proposed new claims are futile because they fail to state a claim upon which relief can be granted.

a.    Count 8 – Common Law Conspiracy

Count 8 of the proposed second amended complaint alleges that ten named employees of the FHLB-Topeka "knowing uses intimidation, threatens, and corruptly persuades plaintiff Zhu, and engages in misleading conduct toward plaintiff Zhu." Count 8 further alleges that "[a]s a proximate result of the defendants' wrongful acts carried out pursuant to their conspiracy,

8

plaintiff has been damaged in an as yet undetermined amount." Doc. 201, Att. 1 at 65.

Under Kansas law, to set out a claim for civil conspiracy, must show: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." State ex rel. Mays v. Ridenhour, 248 Kan. 919, 927, 811 P.2d 1220, 1226 (1991) (quotation omitted). A civil conspiracy is not actionable without the "commission of some wrong giving rise to a cause of action independent of the conspiracy." Id.; Kan. Waste Water, Inc. v. Alliant Techsystems, Inc. 2005 WL 1109456, *20 (D. Kan., May 9, 2005).

The proposed conspiracy count does not set out facts which allege a conspiracy: specifically, it does not identify the object to be accomplished, does not allege a meeting of the minds, and does not allege specific unlawful overt acts. Thus, the Court finds that the proposed civil conspiracy claim is futile.

b.    Count 9 – Negligence by FHLB-Topeka

Count 9 of the proposed second amended complaint asserts that FHLB-Topeka had a duty to care for plaintiff as a member of a protected group, that FHLB-Topeka had a duty "to control the behavior of its officers and employees . . . from injuring plaintiff," and that it had a duty to plaintiff to exercise care in hiring officers and employees. Plaintiff then alleges that FHLB-Topeka's "civil liability is determined by the statutory provisions under 42 U.S.C. § 1981, FMLA, EPA and Title VII," and further alleges that "[FHLB-Topeka] is negligence per se" because it violated 18 U.S.C. §§ 1341, 1512(b) & (d), 1513 (e), antitrust law and the Sarbanes-Oxley Act.    Kansas recognizes a cause of action for negligent retention or supervision of an incompetent employee. See Plains Res., Inc. v. Gable, 235 Kan. 580, 590-91, 682 P.2d 653, 662 (1984). Under this doctrine, "[a]

9

master may be liable for injuries to a third person which are the direct result of the incompetence or unfitness of his servant where the master was negligent in employing the servant or in retaining him in employment when the master knew or should have known of such incompetence or unfitness of the servant." Id.; see Thies v. Cooper, 243 Kan. 149, 155-56, 753 P.2d 1280, 1285 (1988). Count 8 appears to allege that FHLB-Topeka breached its duty to refrain from hiring or retaining employees who were known to have engaged in discriminatory behavior.

Kansas law permits third party non-employees to bring claims against an employer for negligent hiring, supervision and retention. See Farris v. Bd. of County Comm'rs, 924 F. Supp. 1041, 1051 (D. Kan. 1996). In Farris, however, this Court concluded that when plaintiff was an employee who complained of tortious activities by a fellow employee, the Kansas Supreme Court would not recognize a claim for negligent hiring, supervision or retention. 924 F. Supp. at 1051. Similarly, this Court has held that Kansas "would not recognize an independent tort claim for negligent supervision or retention in the ordinary employment discrimination case." Ellis v. Osco Drug, Inc., No. 95-1101, 1996 WL 432382, at *3 (D. Kan. July 8, 1996); see also Day v. Excel Corp., No. 94-1439, 1996 WL 294341, at *14 (D. Kan. May 17, 1996). In these cases the Court noted that such claims are not permitted in wrongful termination or retaliatory discharge cases and that claims for negligent supervision are precluded where adequate state or federal statutory remedies are available. See Ellis, 1996 WL 432382, at *3 (citing Schweitzer-Reschke v. Avnet, Inc., 874 F. Supp. 1187 (D. Kan. 1995)). This Court also addressed the issue in Hunter v. Duckwall-Alco Stores, Inc., Case No. 00-2476-KHV, 2001 WL 533198, D. Kan. Apr. 3, 2001, as follows:

> While the Kansas Supreme Court has not squarely addressed the issue, this Court has repeatedly held that a claim for negligent hiring, supervision or retention is not available in cases such as this. The gist of this action is employment discrimination

based on race.  Plaintiff seeks relief under Title VII and the KAAD, which afford adequate remedies for the conduct in question.  Defendant's motion to dismiss [the negligent hiring/supervision claim] is therefore sustained.

Id. at *3.

Plaintiff's proposed second amended complaint asserts that FHLB-Topeka had a duty to exercise reasonable care in hiring and supervising employees, and that FHLB-Topeka breached its duty because it violated federal statutes regarding employment discrimination.  Because statutes such as Title VII provide a specific means of enforcing legal duties unknown at common law, the remedies under these statutes are exclusive.  See Henry v. Kemp, 829 P.2d 505, 506 (Colo. Ct. App. 1992); Houston v. Mile High Adventist Acad., 846 F. Supp. 1449 (D. Colo. 1994); Hays v. Patton-Tully Transp. Co., 844 F. Supp. 1221, 1223 (W.D. Tenn. 1993) (negligent supervision claim cannot be based solely upon underlying claim of sexual harassment per se, because effect would be to impose liability on employers for failing to prevent harm not cognizable under common law, but sexual harassment may include misconduct by co-employee that is independently actionable under common law, such as battery or intentional infliction of emotional distress).[2]  The Court finds that plaintiff's negligence claim against the FHLB-Topeka fails.

       c.     Count 10 - Negligence By The FHLB-Topeka Board of Directors

In Count 10, plaintiff asserts that the FHLB-Topeka Board of Directors have a duty to exercise reasonable care in hiring and supervising FHLB-Topeka officers and employees. Plaintiff then asserts that the "directors are negligence per se" because FHLB-Topeka violated RICO,

---

[2]      Further, some of the employment statutes upon which plaintiff relies allow recovery for damages only for intentional violations.  See, e.g., Franklin v. Gwinnett County Pub. Sch., 503 U.S. 60 (1992) (Title VII).

antitrust law and Sarbanes-Oxley.  Plaintiff cites problems in FHLB-Topeka's risk-management practice and financial statements, and asserts that she has been damaged as a result of the directors' negligence.  As with the negligence claim against FHLB-Topeka, plaintiff cannot bring state law claims based on violations of federal discrimination statutes.  Further, plaintiff does not link the alleged negligence concerning financial practices to damages personal to plaintiff.  Count 10 of the proposed second amended complaint is futile.

### d.    Count 11 - Negligence By The Finance Board

Plaintiff's proposed Count 11 alleges that the Finance Board had a duty to exercise care in hiring senior Bank officers and that the Finance Board is "negligence per se" because FHLB-Topeka violated RICO, antitrust law and Sarbanes-Oxley.[3]  As with her negligence claim against FHLB-Topeka, plaintiff cannot bring state law claims based on violations of these federal statutes.  Further, she does not link the alleged negligence concerning financial practices to damages to herself.  The proposed Count 11 of the proposed second amended complaint is futile.

## II.    Motion to Alter or Amend the Judgment

In her memorandum in support of motion to alter or amend the memorandum and order plaintiff states that she seeks such relief pursuant to Fed. R. Civ. P. 59(e).  Accordingly, the Court construes plaintiff's memorandum as a motion to alter or amend a judgment under Rule 59(e).  That rule provides that "any motion to alter or amend a judgment shall be field no later than 10 days after

---

[3]    Count 11 cites statements by a Treasury Department official that the debt issuance statistics of the Federal Home Loan Bank are not accurate and that the Bank's balance sheets have created "systemic risks."  Count 11 also alleges that the Finance Board has entered written supervisory agreements with the Federal Home Loan Banks of Chicago and Seattle, and that the Finance Board's negligence in its regulation of the FHLB-Topeka has damaged plaintiff.

the entry of the judgment."  On September 22, 2005, the Court filed the memorandum and order which plaintiff asks the Court to amend.  Plaintiff filed her motion to alter or amend on December 1, 2005.  The motion is clearly untimely.  Motions asking a court to reconsider an order filed outside the ten-day time period set forth in Rule 59(e) are generally examined under Rule 60(b).  Wells v. Atrium Ret. Home, 316 F. Supp. 2d 956, 957 (D. Kan. 2003) (citing United States v. Emmons, 107 F.3d 762, 764 (10th Cir. 1997)).  Plaintiff specifically states, however, that she does not seek relief under Rule 60.  Rather, she cites her proposed second amended complaint and asserts an alternative basis for jurisdiction.  For substantially the reasons set forth in defendants' memoranda in opposition, the Court finds that plaintiff's motion to alter or amend the judgment should be overruled.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Leave To File Verified Second Amended Complaint (Doc. #200) and Plaintiff's Motion To Alter Or Amend The Memorandum And Order (Doc. #215), both filed December 1, 2005, be and hereby are **OVERRULED**.

Dated this 13th day of March, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

13