**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| XIANGYUAN ZHU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL HOUSING FINANCE BOARD, )<br>et al., )<br>)<br>Defendants. )<br>_____) | Case No. 04-2539-KHV |

**MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Plaintiff's Motion To Take Judicial Notice Of Facts; Advice To This Court On Administrative Remedies Under 12 U.S.C. § 1831j; And Motion For This Court's Clarification And Interpretation Of Whistleblower Provision Of The Financial Institution, Reform, Recovery And Enforcement Act ("FERREA")</u> (Doc. #232-1 and #232-2) filed April 24, 2006 and <u>Plaintiff's Motion For This Court's Interpretation Of Victim And Witness Protection Act [18 U.S.C. §§1512-1513] And 18 U.S.C. §1341</u> (Doc. #235) filed May 16, 2006.

**Procedural History**[1]

*Pro se* plaintiff Xiangyuan Zhu brought suit against the Federal Housing Finance Board ("Finance Board"), the Federal Home Loan Bank of Topeka ("FHLB-Topeka") and individual directors, officers and employees of FHLB-Topeka, alleging numerous federal and state law claims. On September 22, 2005, the Court dismissed all claims against the Finance Board and individual

---

[1] The Court set out a detailed description of the case in the <u>Memorandum And Order</u> (Doc. #186) filed September 22, 2005, which the Court incorporates herein by reference.

defendants as well as many claims against FHLB-Topeka. See Memorandum And Order (Doc. #186). The Court left in the case plaintiff's claims that FHLB-Topeka violated 42 U.S.C. § 1981 (Count 1(a)); terminated her employment in violation of the FMLA, 29 U.S.C. § 2611 et seq. (Count 9(b)); terminated her employment in retaliation for engaging in activity protected under the EPA, in violation of 29 U.S.C. § 215(a)(3) (Count 10(c)); maintained a sexually hostile work environment in violation of Title VII (Count 10(d)); terminated plaintiff's employment because of her sex in violation of Title VII (Count 10(e)); and maintained a hostile work environment based on national origin in violation of Title VII (Count 10(h)). On March 13, 2006, the Court overruled plaintiff's motion file a second amended complaint. See Doc. #217. On April 3, 2006, plaintiff filed a successive motion for leave to file a second amended complaint. See Doc. #225. Plaintiff's proposed amended complaint seeks to add, *inter alia*, a whistleblower claim against the FHLB-Topeka under 12 U.S.C. § 1831j.

I.   Motion For Judicial Notice, Advice And Clarification (Doc. #232-1 & #232-2)

Plaintiff's "motion" asks the Court to take judicial notice of the whistleblower protections of 12 U.S.C. § 1831j. Plaintiff also asks the Court to take judicial notice of Walleri v. Federal Home Loan Bank of Seattle, 83 F.3d 1575 (9th Cir. 1996), and recites facts which relate to an administrative claim which she filed with the Federal Housing Finance Board under 12 U.S.C. § 1831j.

Plaintiff's motion essentially seeks to provide law and facts which pertain to her motion for leave to amend her complaint. Plaintiff has already filed a memorandum in support of that motion, however, and she will have a second opportunity to brief that motion in her reply.

Plaintiff also asks the Court for "clarification and interpretation" of 12 U.S.C. § 1831(j). Specifically, she asks about the contact for administrative remedies and related questions. As

defendant points out, plaintiff appears to seek legal advice from the Court. The Court cannot act as an advocate for a party. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The Court overrules plaintiff's motion.

II.   Plaintiff's Motion For This Court's Interpretation Of Victim And Witness Protection Act [18 U.S.C. §§1512-1513] And 18 U.S.C. § 1341 (Doc. #235).

In her motion for interpretation of 18 U.S.C. §§ 1512-1513 and 1341, plaintiff addresses facts and law in support of her proposed second amended complaint. Plaintiff urges the Court to allow her to plead a claim under 18 U.S.C. §1341. Plaintiff has already filed a memorandum in support of her motion to file a second amended complaint, and may not supplement it in this manner.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Take Judicial Notice Of Facts; Advice To This Court On Administrative Remedies Under 12 U.S.C. § 1831j; And Motion For This Court's Clarification And Interpretation Of Whistleblower Provision Of The Financial Institution, Reform, Recovery And Enforcement Act ("FERREA") Doc. #232-1 & #232-2 filed April 24, 2006 and Plaintiff's Motion For This Court's Interpretation Of Victim And Witness Protection Act [18 U.S.C §§1512-1513] And 18 U.S.C. §1341 (Doc. #235) filed May 16, 2006 be and hereby are **OVERRULED**.

Dated this 23rd day of May, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
