# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **XIANGYUAN ZHU,** )<br>)<br>  **Plaintiff,** )<br>) **Case No. 04-2539-KHV**<br>**v.** )<br>)<br>**FEDERAL HOUSING FINANCE BOARD,** )<br>**et al.,** )<br>)<br>  **Defendants.** )<br>_____) | |

## ORDER

This matter comes before the Court on the Objections Of Xiangyuan Zhu To Magistrate Judge's Order [265] (Doc. #289) filed September 25, 2006, the Objections Of Xiangyuan Zhu To Magistrate Judge's Orders [Docs. 269, 270, 276]; And Part Of Order [Doc. 284] (Doc. #293) filed September 27, 2006, and the Application Of Xiangyuan Zhu For Stay [Of] Magistrate Judge's Orders [Doc. 258 and 270] (Doc. #344) filed November 9, 2006. For reasons set forth below, the Court finds that plaintiff's motions should be overruled.

## Procedural History[1]

*Pro se* plaintiff Xiangyuan Zhu brought suit against the Federal Housing Finance Board ("Finance Board"), the Federal Home Loan Bank of Topeka ("FHLB") and individual directors, officers and employees of FHLB-Topeka, alleging numerous federal and state law claims.[2]

---

[1] The Court set out a detailed description of the case in the Memorandum And Order (Doc. #186) filed September 22, 2005, which the Court incorporates herein by reference.

[2] Plaintiff's amended complaint included a RICO claim which asserted violations of 18 U.S.C. §§ 1512 and 1513 (the witness tampering and retaliation provisions of the Victim and

(continued...)

Defendants filed motions to dismiss. On July 12, 2005, Magistrate Judge James O'Hara stayed discovery, planning and scheduling in the case.³ See Doc. #138.

On September 22, 2005, the Court dismissed all of plaintiff's claims except six claims against FHLB. See Doc. #186 at 69-70. The dismissed claims included plaintiff's RICO claim against FHLB. Id. Plaintiff filed a motion for reconsideration asking the Court to reinstate all dismissed claims and parties. See Doc. #192 filed October 12, 2005. On November 2, 2005, the Court overruled plaintiff's motion for reconsideration. Doc. #197. On December 1, 2005, plaintiff filed a motion to alter or amend the judgment and a motion for leave to file a second amended complaint. See Docs. ##200 and 215. Plaintiff again sought to reinstate the dismissed claims and defendants, and to add new state law conspiracy and negligence claims. The proposed second amended complaint included a RICO claim based on violations of 18 U.S.C. §§ 1341, 1512 and 1513.⁴

On March 13, 2006, the Court overruled plaintiff's motions to alter or amend the judgment and for leave to file a second amended complaint. Doc. #217. On March 14, 2006, plaintiff filed another motion for leave to file a second amended complaint, again reasserting previously dismissed claims and parties. See Doc. #218. In response, FHLB sent plaintiff notice of a proposed motion for sanctions under Rule 11, Fed. R. Civ. P. See Doc. #219. On April 2, 2006, plaintiff filed a

---

²(...continued)
Witness Protection Act) as predicate acts. See Doc. #72 filed December 13, 2004, at ¶¶ 44, 120-122, 348.

³ The Finance Board sought the stay pending determination of defendants' motions to dismiss; FHLB concurred with the motion. See Docs. ##125 and 127.

⁴ As noted, the dismissed complaint had alleged a RICO violation based on predicate acts under 18 U.S.C. §§ 1512 and 1513. In the second amended complaint, plaintiff proposed to re-assert these claims and plead an additional RICO claim based on a violation of 18 U.S.C. § 1341.

2

motion to withdraw her motion to file a second amended complaint, and Judge O'Hara sustained her motion.  See Doc. #226 filed April 4, 2006.  On April 3, 2006, however, plaintiff filed yet another motion for leave to file a second amended complaint.  This time, plaintiff sought to reinstate all previously-dismissed claims which the Court had rejected in its order of March 13, 2006.  Doc. #225-2.  These claims included a RICO claim based on violations of 18 U.S.C. §§ 1341, 1512 and 1513.  See Doc. #225-2, ¶¶1, 2, 27, 256-63.  The proposed amended complaint of April 3, 2006 also purported to state a claim under the whistleblower provision of the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1831j ("FIRREA"), which had not been explicitly included in the amended complaint (Doc. #72) or addressed in the Court's prior orders.

On August 10, 2006, Judge O'Hara denied plaintiff's motion for leave to file a second amended complaint except in the "limited respect" that plaintiff received "leave to file a second amended complaint" that "shall assert only those claims specifically set forth in Judge Vratil's September 22, 2005, memorandum and order and the above-described FIRREA claim against FHLB-Topeka."  Doc. #257 at 5.  In addition, Judge O'Hara ordered plaintiff to file a second amended complaint within eleven days – i.e., on or before August 21, 2006 – limited as stated above, and in full compliance with Fed. R. Civ. P. 8(a).  Doc. #257 at 6, 10.  Plaintiff, however, never filed a second amended complaint.

On August 10, 2006, Judge O'Hara ordered the parties to conduct a planning conference pursuant to Fed. R. Civ. P. 26(f) on or before August 21, 2006.  He also ordered them to submit a report of that planning conference on or before September 5, 2006, and to appear for a scheduling conference on September 15, 2006 at 3:00 p.m.  See Initial Order Regarding Planning and Scheduling, Doc. #258.  In response, on August 15, 2006, counsel for FHLB invited plaintiff to attend a planning conference at 2:00 p.m. on August 18, or to suggest another date and time for the

3

conference. See Doc. #262, Ex A. Plaintiff declined to attend any planning conference, Doc. #262, Ex. B and C, and no such planning conference was ever conducted.

On August 28, 2006, Judge O'Hara denied plaintiff's motion for reconsideration of the orders dated August 10, 2006. Doc. #265. On September 25, 2006, plaintiff appealed that ruling. See Appeal Of Magistrate Judge Decision (Doc. #289).

On September 12, 2006, Judge O'Hara ordered the parties to appear for an in-person scheduling conference at 3:00 p.m. on September 15, 2006. Doc. #268. On the morning of September 14, 2006, plaintiff informed Judge O'Hara's staff that she would not be available at 3:00 p.m. Judge O'Hara then entered a minute order (Doc. #269) which changed the scheduling conference to 1:30 p.m. On the morning of September 15, 2006, plaintiff informed Judge O'Hara that 1:30 p.m. was not convenient because of a doctor's appointment, so he rescheduled the conference for a telephone conference at 11:00 a.m. See Doc. #270, fn. 1. Plaintiff did not participate in the scheduling conference, however, and Judge O'Hara entered a scheduling order later that day. Doc. #270. Plaintiff objects to the scheduling order. See Doc. #293.

At 9:39 a.m. on September 15, 2006, plaintiff appeared at the courthouse to personally file a Motion for Clarification (Doc. # 273). Plaintiff's motion questioned the authenticity of the telephone number of the court employee who had called plaintiff the previous afternoon to verify that she would attend the scheduling conference. See Doc. #273 & 274 (supporting brief). At 11:14 a.m. on September 15, 2006, plaintiff also filed in person a Motion For Sick Leave On September 15, 2006. Doc. #275. On September 19, 2006, Judge O'Hara denied plaintiff's motions for clarification and sick leave. Doc. #276. Plaintiff seeks review of that ruling. See Doc. #293.

On September 21, 2006, plaintiff filed an Electronic Notification Agreement in which she agreed "to receive electronic notification of all summary orders or opinions produced by or filed in

4

the Office of the Clerk" in this case, and further agreed that "electronic notice will be the only notice I receive from the Office of the Clerk."  Doc. #281.  Judge O'Hara treated this filing as a motion to place plaintiff on the electronic notification list for this case and sustained it, stating as follows:

> The Court grants plaintiff's requests and directs the clerk of the court to add the e-mail address provided by plaintiff, zhuconcord@yahoo.com, to the notification list for this case. Defendants are therefore relieved of the duty of serving copies by mail upon plaintiff and are directed to serve all discovery and all other written communications upon plaintiff electronically at the e-mail address provided above.

Doc. #284, filed September 25, 2006.  Plaintiff seeks review of the order to the extent that it relieves defendant of the duty to serve paper copies of its pleadings, discovery and other communications.  See Doc. #293.

### Standards For Review Of Magistrate Judge Non-Dispositive Order

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law."  Id.; see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997).  The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

### Analysis

Plaintiff asserts that Judge O'Hara abused his discretion when he refused to reconsider his

5

order of August 10, 2006 (Doc. #257) which (1) denied plaintiff leave to file the second amended complaint attached to her motion of April 3, 2006 (Doc. 225), (2) implied that plaintiff's claims under 18 U.S.C. §§ 1341, 1512 and 1513 should not be included in any future amended complaint, (3) ordered plaintiff to file a new amended complaint which complied with Fed. R. Civ. P. 8(a) and the Court's previous orders and (4) admonished plaintiff for disregard of rules and orders and warned her of future sanctions.  Plaintiff also asserts that Judge O'Hara abused his discretion in proceeding with the scheduling conference because (1) she had filed a motion to stay the conference and had not received notice that Judge O'Hara had denied it; and (2) she had informed Judge O'Hara's staff that she was too sick to proceed and had filed a motion for sick leave.  Finally, plaintiff asserts that Judge O'Hara abused his discretion by ordering that plaintiff receive electronic notification for all purposes, when she had only asked to receive electronic notification of court orders.

For substantially the reasons set forth in Defendant's Response To Plaintiff's Appeals Of the Magistrate Judge's Decisions (Doc. 289 and 293) and Plaintiff's Motions For Stays Of The Magistrate's Orders (Doc. 287 and 295) (Doc. #298) filed October 9, 2006, and Defendant's Response To Plaintiff's Motion (344) To Stay The Magistrate's Orders (Doc. #349) filed November 22, 2006, the Court finds that plaintiff's motions should be overruled.[5]

**IT IS THEREFORE ORDERED** that the Objections Of Xiangyuan Zhu To Magistrate Judge's Order [265] (Doc. #289) filed September 25, 2006, and the Objections Of Xiangyuan Zhu To Magistrate Judge's Orders [Docs. 269, 270, 276]; And Part Of Order [Doc. 284] (Doc. #293)

---

[5]   As defendant aptly points out, the scope of the case is now well-settled, and plaintiff has no reason why the case cannot move forward.  Plaintiff has a remedy if the Court has improperly dismissed or disallowed claims – an appeal at the end of the case.

filed September 27, 2006, be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Application For Stay Of Magistrate Judge's Orders [Doc. 258 and 270] (Doc. #344) filed November 9, 2006 be and hereby is **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that **on or before March 2, 2007**, plaintiff shall file a second amended complaint that includes only those claims specifically set forth in the Memorandum And Order (Doc. #186) filed September 22, 2005 and the FIRREA claim against FHLB-Topeka as set out in Judge O'Hara's Order (Doc. #257 at 5) filed August 10, 2006.  If plaintiff does not file a second amended complaint, her case will be dismissed with prejudice without further notice.

**IT IS FURTHER ORDERED** that Judge O'Hara expedite all pretrial proceeding in this case, mindful that trial is set for November 6, 2007.  **Plaintiff is hereby notified that future objections to magistrate rulings, and applications for review of magistrate rulings, shall not be deemed to stay their full force and effect. Simply stated, plaintiff shall comply with all magistrate rulings unless and until the district Court relieves her of that responsibility. Failure to comply with those rulings, with the Federal Rules of Civil Procedure, and the local rules of this Court may result in sanctions up to and including dismissal with prejudice.**

Dated this 22nd day of February, 2007 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge