# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **XIANGYUAN ZHU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 04-2539-KHV |
| v. ) | |
| ) | |
| **FEDERAL HOUSING FINANCE BOARD,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

This matter comes before the Court on the <u>Objections Of Plaintiff To Magistrate Judge's Order Of January 10, 2007 [Doc. 365] Regarding Private Health Information Pertaining To Her And Her Non-Party Daughter Defendant Obtained From Counsel Opposing Plaintiff In *Zhu v. Countrywide Realty Co., Inc., et al.* Case No. 00-2290-KHV</u> (Doc. #386) filed January 25, 2007. For reasons set forth below, the Court finds that plaintiff's objections should be overruled.

## Factual Background

On October 6, 2006, plaintiff filed a motion for a protective order. Doc. #299. Plaintiff stated that Federal Home Loan Bank-Topeka ("FHLB") had obtained medical records of plaintiff and her daughter from counsel opposing plaintiff in another case. Defendant included these medical records in its Rule 26(a)(1) disclosures. Plaintiff asserted that she did not authorize access to these records. Plaintiff sought a protective order (1) prohibiting the dissemination of the records or information contained in them, (2) prohibiting counsel in plaintiff's other lawsuit from using or disclosing the records outside of that litigation, and (3) placing the medical records under seal. In response, defendant argued that it lawfully obtained the medical records pursuant to valid, signed

releases from plaintiff, that the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d et seq. ("HIPAA"), does not govern the use or dissemination of medical records by attorneys, and that plaintiff waived any evidentiary privilege related to the records.

On November 3, 2006, Magistrate Judge James O'Hara ruled that he did not have jurisdiction to prohibit opposing counsel in another lawsuit from using or disclosing records from that case. See Doc. #337. Judge O'Hara also found that plaintiff had not shown that FHLB unlawfully obtained the medical records. Judge O'Hara noted that the records contain information which plaintiff wishes to remain confidential, and thus granted plaintiff's request to prohibit dissemination of the records by defense counsel outside the context of the instant suit. Judge O'Hara ordered the parties to confer and directed defense counsel to submit a proposed protective order regarding the use of the medical records no later than November 17, 2006.

On November 21, 2006, Judge O'Hara noted that the parties had not reached an agreement on a proposed protective order, but that plaintiff and defendant had each submitted a proposed protective order. Judge O'Hara then entered the following protective order:

> 1. [Specified health care records] obtained and produced in the course of this litigation shall be designated as "Confidential Health Care Records Subject to Protective Order"; . . .
>
> 2. Except as otherwise provided in this order, the records designated as confidential shall be used only for the purposes of this litigation and shall not be disclosed or produced for any matter other than this litigation.
>
> 3. Except as otherwise provided in this order, the health care records specifically designated herein as confidential shall be used only for the purposes of this litigation and shall be disclosed only to plaintiff, defendant, or defendant's attorneys (including secretarial and legal staff), and any consultant retained by either party as a potential or actual expert witness in this litigation. The parties, counsel, and all consultants and experts of either party are to be bound by the terms of this stipulation and protective order.
>
> 4. A deponent may be shown and examined about the confidential records during

> a deposition taken in this litigation. The deposition transcript will designate pages containing testimony related to confidential records and any document marked as a deposition exhibit that contains information from the confidential records shall be sealed.
>
> 5. Documents designated as confidential shall not be filed with the court unless they are filed under seal.
>
> 6. When this litigation is concluded by judgment, settlement, dismissal or otherwise, the provisions of this protective order shall remain in effect for each confidential document.
>
> 7. At the end of this litigation all copies of documents in defendant's possession that have been designated confidential pursuant to this order shall be destroyed by shredding.
>
> 8. This protective order shall remain in effect until further order of the court.

Doc. #348 at 2-3. On December 5, 2006, plaintiff filed a motion for reconsideration of the protective order, asserting that FHLB had violated Fed. R. Civ. P. 26(d) by seeking discovery before the Rule 26(f) conference. Plaintiff otherwise raised the same arguments as in her motion for protective order – that the private health care information which FHLB had obtained is privileged and exempt from discovery. See Doc. ## 354, 355. On January 10, 2007 Judge O'Hara overruled plaintiff's motion for reconsideration, finding that plaintiff had not presented any basis to reconsider. See Doc. # 265. On January 25, 2007, plaintiff filed her objection to Judge O'Hara's order denying her motion for reconsideration.

## Standards For Review Of Magistrate Judge Non-Dispositive Order

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." Id.; see Burton v. R.J.

3

Reynolds Tobacco Co., 177 F. R .D. 491, 494 (D. Kan. 1997).  The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

## Analysis

In objecting to Judge O'Hara's denial of her motion to reconsider, plaintiff asserts that the protective order infringes the constitutional privacy rights of her daughter, conflicts with Fed. R. Evid. 501, and violates Fed. R. Civ. P. 26(d).  FHLB correctly pointed out the flaws in plaintiff's arguments.  See Doc. #362.  Defendant did not obtain the medical records under Rule 26(d). Further, the  protective order provides for confidential handling of the records.  Finally, the protective order does not rule as to whether the records are admissible under the Federal Rules of Evidence.

The Court has carefully reviewed all documents relating to the protective order and plaintiff's motion to reconsider.  The Court finds that Judge O'Hara did not abuse his discretion in overruling plaintiff's motion to reconsider.

**IT IS THEREFORE ORDERED** that the Objections Of Plaintiff To Magistrate Judge's Order Of January 10, 2007 [Doc. 365] Regarding Private Health Information Pertaining To Her And Her Non-Party Daughter Defendant Obtained From Counsel Opposing Plaintiff In *Zhu v. Countrywide Realty Co., Inc., et al.* Case No. 00-2290-KHV (Doc. #386) filed January 25, 2007 be and hereby are **OVERRULED.**

Dated this 1st day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge