# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **XIANGYUAN ZHU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 04-2539-KHV** |
| v. ) | |
| ) | |
| **FEDERAL HOUSING FINANCE BOARD,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court the Motion To Dismiss For Failure To Prosecute And Renewed Motion For Sanctions (Doc. #277) filed on September 19, 2006 by Federal Home Loan Bank of Topeka ("FHLB"). For reasons set forth below, the Court finds that defendant's motion should be overruled.

### Procedural History[1]

*Pro se* plaintiff Xiangyuan Zhu brought suit against the Federal Housing Finance Board ("Finance Board"), the Federal Home Loan Bank of Topeka ("FHLB") and individual directors, officers and employees of FHLB-Topeka, alleging numerous federal and state law claims. Defendants filed motions to dismiss. On July 12, 2005, Magistrate Judge James O'Hara stayed discovery, planning and scheduling in the case.[2] See Doc. #138.

---

[1] The Court has set out a detailed description of the case in the Memorandum And Order (Doc. #186) filed September 22, 2005, and the Order (Doc. #411) filed February 23, 2007, both of which the Court incorporates herein by reference.

[2] The Finance Board sought the stay pending determination of defendants' motions to

(continued...)

On September 22, 2005, the Court dismissed all of plaintiff's claims except six claims against FHLB. See Doc. #186 at 69-70. The dismissed claims included plaintiff's RICO claim against FHLB. Id. Plaintiff filed a motion for reconsideration asking the Court to reinstate all dismissed claims and parties. See Doc. #192 filed October 12, 2005. On November 2, 2005, the Court overruled plaintiff's motion for reconsideration. Doc. #197. On December 1, 2005, plaintiff filed a motion to alter or amend the judgment and a motion for leave to file a second amended complaint. See Doc. ##200 and 215. Plaintiff again sought to reinstate the dismissed claims and defendants, and to add new state law conspiracy and negligence claims. The proposed second amended complaint included a RICO claim based on violations of 18 U.S.C. §§ 1341, 1512 and 1513.[3]

On March 13, 2006, the Court overruled plaintiff's motions to alter or amend the judgment and for leave to file a second amended complaint. Doc. #217. On March 14, 2006, plaintiff filed another motion for leave to file a second amended complaint, again reasserting previously dismissed claims and parties. See Doc. #218. In response, FHLB sent plaintiff notice of a proposed motion for sanctions under Rule 11, Fed. R. Civ. P. See Doc. #219. On April 2, 2006, plaintiff filed a motion to withdraw her motion to file a second amended complaint, and Judge O'Hara sustained her motion. See Doc. #226 filed April 4, 2006. On April 3, 2006, however, plaintiff filed yet another motion for leave to file a second amended complaint. This time, plaintiff sought to reinstate all previously-dismissed claims which the Court had rejected in its order of March 13, 2006.

---

[2](...continued)
dismiss; FHLB concurred with the motion. See Doc. ##125 and 127.

[3] As noted, the dismissed complaint had alleged a RICO violation based on predicate acts under 18 U.S.C. §§ 1512 and 1513. In the second amended complaint, plaintiff proposed to re-assert these claims and plead an additional RICO claim based on a violation of 18 U.S.C. § 1341.

Doc. #225-2.  These claims included a RICO claim based on violations of 18 U.S.C. §§ 1341, 1512 and 1513.  See Doc. #225-2, ¶¶1, 2, 27 and 256-63.  The proposed amended complaint of April 3, 2006 also purported to state a claim under the whistleblower provision of the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1831j ("FIRREA"), which had not been explicitly included in the amended complaint (Doc. #72) or addressed in the Court's prior orders.

On August 10, 2006, Judge O'Hara denied plaintiff's motion for leave to file a second amended complaint except in the "limited respect" that plaintiff received "leave to file a second amended complaint" that "shall assert only those claims specifically set forth in Judge Vratil's September 22, 2005, memorandum and order and the above-described FIRREA claim against FHLB-Topeka."  Doc. #257 at 5.  In addition, Judge O'Hara ordered plaintiff to file a second amended complaint within eleven days – i.e., on or before August 21, 2006 – limited as stated above, and in full compliance with Fed. R. Civ. P. 8(a).  Doc. #257 at 6, 10.  Plaintiff, however, never filed a second amended complaint.

On August 10, 2006, Judge O'Hara ordered the parties to conduct a planning conference pursuant to Fed. R. Civ. P. 26(f) on or before August 21, 2006.  He also ordered them to submit a report of that planning conference on or before September 5, 2006, and to appear for a scheduling conference on September 15, 2006 at 3:00 p.m.  See Initial Order Regarding Planning And Scheduling, (Doc. #258).  In response, on August 15, 2006, counsel for FHLB invited plaintiff to attend a planning conference at 2:00 p.m. on August 18, or to suggest another date and time for the conference.  See Doc. #262, Ex A.  Plaintiff declined to attend any planning conference, Doc. #262, Ex. B and C, and no such planning conference was ever conducted.  On August 28, 2006, Judge O'Hara denied plaintiff's motion for reconsideration of the orders dated August 10, 2006.  Doc. #265.  On September 15, 2006, Judge O'Hara had arranged to conduct the scheduling conference

3

by phone to accommodate plaintiff. Nonetheless, plaintiff did not attend the conference. Judge O'Hara held the conference and entered the scheduling order. See Doc. #270, filed September 15, 2006.

On September 25, 2006, plaintiff filed a motion for review of the magistrate's denial of her motion for reconsideration of the August 10 orders. See Doc. #289. On February 22, 2007, the Court overruled that motion, and ordered plaintiff to file a second amended complaint as directed, on or before March 2, 2007, or suffer dismissal of the case with prejudice.

FHLB asserts asks the Court to (1) dismiss the case for failure to prosecute under Rule 41(b), Fed. R. Civ. P.; and (2) to impose sanctions under Rule 11, Fed. R. Civ. P.

**I.     Motion To Dismiss For Failure To Prosecute**

FHLB first asks the Court to dismiss this action with prejudice for failure to prosecute under Rule 41(b), Fed. R. Civ. P. Under Rule 41(b), a district court has discretion to dismiss an action with prejudice "for failure of the plaintiff to prosecute or comply with these rules or any order of court." Fed. R. Civ. P. 41(b); see Santistevan v. Colo. Sch. of Mines, 150 Fed. Appx. 927, 929 (10th Cir. 2005).

A district court may dismiss an action under Rule 41(b) only after considering whether certain factors support a dismissal. These factors, set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994) (applying Ehrenhaus factors to dismissal under Rule 41(b)).

FHLB asserts that all five factors weigh in favor of dismissal. First, FHLB contends that

4

plaintiff's disregard of the Court's memorandum and order of September 22, 2005, has prejudiced defendant by delaying proceedings for a year with multiple motions to reconsider or to file second amended complaints which would reinstate the dismissed claims. FHLB points out that it has incurred significant expense in responding to plaintiff's motions which essentially refused to accept the Court's ruling dismissing many of her claims. Plaintiff asserts that FHLB has not been prejudiced by delay, and points out that FHLB itself asked for a stay of the pretrial proceedings on October 6, 2005 and did not ask for the stay to be lifted until August 10, 2006. The Court finds that plaintiff's actions have prejudiced FHLB to some degree.

As to the second factor, FHLB correctly asserts that plaintiff has interfered with the judicial process by refusing comply with the Magistrate's order of August 10, 2006 which ordered her to file an amended complaint that does not contain the previously dismissed claims and parties. The Court notes, however, that plaintiff sought reconsideration of that order and review by this Court. Although it should have been clear to plaintiff from prior orders of this Court that she was not entitled to reinstate the dismissed claims, plaintiff did not simply ignore the magistrate's order.

FHLB also asserts that plaintiff's refusal to cooperate in the planning and scheduling process has prejudiced the judicial system. Plaintiff responds that she had medical reasons not to participate in the scheduling conference on September 15, 2006. The record reflects that despite Magistrate O'Hara's attempts to accommodate her, plaintiff refused to participate in the scheduling conference and thus interfered with the judicial process.

As for the third factor, FHLB asserts that because plaintiff proceeds *pro se* she alone is responsible for her failure to comply with the Court's order as to planning and scheduling conferences. The Court agrees that in particular, plaintiff has not supported her claim that medical reasons prevented her from attending the scheduling conference.

As for the fourth factor, FHLB cites Judge O'Hara's order of August 10, 2006 in which he denied FHLB's prior motion for sanctions, and stated as follows:

> For now, the undersigned exercises his discretion and declines to grant FHLB-Topeka's motion. But, unless plaintiff wants to run the risk of suffering severe sanctions in the near future, it would be prudent for her to bear in mind that FHLB-Topeka has made some very strong arguments in favor of such sanctions. Plaintiff also should bear in mind that the undersigned believes that the record, even as it currently stands, could support a sanctions ruling. Pro se or not, plaintiff will not be indulged much further. To be blunt, in the hopefully unlikely event that plaintiff engages in the same or similar conduct which Judge Vratil warned plaintiff about in the St. Francis Health Center case, whether by filing a second amended complaint that is not in complete and strict compliance with this order, or by otherwise ignoring the court's orders, the instant motion may be re-filed. In that event, the undersigned would not hesitate to impose the type of sanctions mentioned by Judge Vratil and requested by FHLB-Topeka. Ultimately, of course, this could include outright dismissal of this case.

Doc. #257 at 9-10. The Court clearly has warned plaintiff that ignoring the court's order could result in sanctions including dismissal.

The fifth factor is the efficacy of lesser sanctions. FHLB acknowledges that the only lesser sanction applied in this case is a "stern warning" that more severe sanctions will be imposed if plaintiff does not comply with court orders. See Doc. #257. FHLB points out that this Court imposed monetary sanctions against plaintiff in another case, see Zhu v. St. Francis Health Center, 413 F. Supp.2d 1232, 1242-43 (D. Kan. 2006), and that those sanctions have not deterred her from making groundless attempts to revive claims in this case. The Court notes that the monetary sanctions in St. Francis have not been finalized, however, and the Court has not imposed any monetary sanctions in this case.

The Court finds although under the five factors it has discretion to impose sanctions, it will not do so at this point. Plaintiff did not ignore Judge O'Hara's order of August 10, 2006; rather, when Judge O'Hara denied her motion to reconsider the order, plaintiff sought review by this Court.

6

Further, this Court only recently upheld Judge O'Hara's ruling. Finally, this Court has ordered plaintiff to file an amended complaint on or before March 2, 2007. Should plaintiff fail to do so, the Court will dismiss the case with prejudice.

**II.     Motion For Sanctions Under Rule 11**

FHLB asks the Court to impose sanctions on plaintiff for the reasons set forth in its earlier motion for sanctions, Doc. #243, together with plaintiff's conduct in not attending a Rule 26(f) conference and not attending the scheduling conference.[4] In its earlier motion for sanctions, FHLB sought the following:

> 1) costs and attorney fees incurred in prosecuting the motion for sanctions and in responding to plaintiff's most recent motions for leave to file a second amended complaint; 2) an order barring plaintiff from filing any further motions or other papers seeking reconsideration of the court's September 22, 2005 ruling (doc. 186) or seeking to reassert claims or reinstate parties dismissed in that order; 3) an order immediately cutting off any further amendments to the pleadings; and 4) an order warning plaintiff that harsher sanctions will be imposed if further frivolous filings are made, up to and including dismissal of the lawsuit.

Motion For Sanctions (Doc. #243) filed June 9, 2006. The Court notes that with its ruling upholding Judge O'Hara's order of August 10, FHLB has received the relief it sought in its motion for sanctions, except for the monetary sanctions. Further, as plaintiff points out, FHLB did not follow the safe harbor provisions of Rule 11 before filing its renewed motion for sanctions. Rule 11 sets forth certain procedural requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(1)(A). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See Fed. R. Civ. P.

---

[4] In its opening brief in support of its renewed motion for sanctions, FHLB asked for Rule 11 sanctions in part because plaintiff filed untimely motions (1) to stay the Court's order of August 10, (Doc. #260) and (2) to reconsider that order (Doc. #263). In its reply, however, FHLB acknowledged that those two motions were in fact timely.

11(c)(1)(A). The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528-29 (10th Cir. 1997). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Although FHLB followed the safe harbor rules before it filed the first motion for sanctions, it did not do so with the motion now before the Court. Further, the renewed motion seeks sanctions for additional conduct. Because defendant did not file its renewed motion for sanctions as a separate motion and has provided no evidence that it complied with the Rule 11 safe harbor provision, the Court overrules defendant's motion for sanctions.

**IT IS THEREFORE ORDERED**, that the Motion To Dismiss For Failure To Prosecute And Renewed Motion For Sanctions (Doc. #277) filed on September 19, 2006 by Federal Home Loan Bank of Topeka ("FHLB") be and hereby is **OVERRULED**.

Dated this 1st day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge