# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **XIANGYUAN ZHU,** )<br>)<br>**Plaintiff,** )<br>)     **Case No. 04-2539-KHV**<br>**v.** )<br>)<br>**FEDERAL HOUSING FINANCE BOARD,** )<br>**et al.,** )<br>)<br>**Defendants.** )<br>_____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on <u>Defendant's Motion For Pleading Limitations</u> (Doc. #457) filed March 22, 2007 by Federal Home Loan Bank of Topeka ("FHLB"). For reasons set forth below, the Court finds that defendant's motion should be sustained in part.

### Brief Procedural History[1]

*Pro se* plaintiff Xiangyuan Zhu brought suit against the Federal Housing Finance Board ("Finance Board"), FHLB and individual directors, officers and employees of FHLB, alleging numerous federal and state law claims. Defendants filed motions to dismiss. On September 22, 2005, the Court dismissed all of plaintiff's claims except six claims against FHLB. <u>See</u> Doc. #186 at 69-70. The dismissed claims included plaintiff's RICO claim against FHLB. <u>Id.</u> Plaintiff filed a motion for reconsideration asking the Court to reinstate all dismissed claims and parties. <u>See</u> Doc. #192 filed October 12, 2005. On November 2, 2005, the Court overruled plaintiff's motion for

---

[1] The Court has set out a detailed description of the case in the <u>Memorandum And Order</u> (Doc. #186) filed September 22, 2005, and the <u>Order</u> (Doc. #410) filed February 23, 2007, both of which the Court incorporates herein by reference.

reconsideration. Doc. #197. On December 1, 2005, plaintiff filed a motion to alter or amend the judgment and a motion for leave to file a second amended complaint. See Docs. ##200 and 215. Plaintiff again sought to reinstate the dismissed claims and defendants, and to add new state law conspiracy and negligence claims. The proposed second amended complaint included a RICO claim based on violations of 18 U.S.C. §§ 1341, 1512 and 1513.[2]

On March 13, 2006, the Court overruled plaintiff's motions to alter or amend the judgment and for leave to file a second amended complaint. Doc. #217. On March 14, 2006, plaintiff filed another motion for leave to file a second amended complaint, again reasserting previously dismissed claims and parties. See Doc. #218. In response, FHLB sent plaintiff notice of a proposed motion for sanctions under Rule 11, Fed. R. Civ. P. See Doc. #219. On April 2, 2006, plaintiff filed a motion to withdraw her motion to file a second amended complaint, and Magistrate Judge James P. O'Hara sustained her motion. See Doc. #226 filed April 4, 2006. On April 3, 2006, however, plaintiff filed yet another motion for leave to file a second amended complaint. This time, plaintiff sought to reinstate all claims which the Court had dismissed in its order of March 13, 2006. Doc. #225-2. These claims included a RICO claim based on violations of 18 U.S.C. §§ 1341, 1512 and 1513. See Doc. #225-2, ¶¶1, 2, 27, 256-63. The proposed amended complaint of April 3, 2006 also purported to state a claim under the whistleblower provision of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1831j, which had not been explicitly included in the amended complaint (Doc. #72) or addressed in the Court's prior orders.

On August 10, 2006, Judge O'Hara denied plaintiff's motion for leave to file a second

---

[2] The dismissed complaint had alleged a RICO violation based on predicate acts under 18 U.S.C. §§ 1512 and 1513. In the second amended complaint, plaintiff proposed to re-assert these claims and plead an additional RICO claim based on a violation of 18 U.S.C. § 1341.

amended complaint except in the "limited respect" that plaintiff received "leave to file a second amended complaint" that asserted "<u>only</u> those claims <u>specifically</u> set forth in Judge Vratil's September 22, 2005, memorandum and order <u>and</u> the above-described FIRREA claim against FHLB-Topeka." Doc. #257 at 5. Judge O'Hara ordered plaintiff to file that second amended complaint within eleven days – <u>i.e.</u> on or before August 21, 2006 – in full compliance with Fed. R. Civ. P. 8(a). Doc. #257 at 6, 10. Also on August 10, 2006, Judge O'Hara addressed FHLB's motion for sanctions (Doc. #243). In that motion, FHLB accurately detailed plaintiff's repeated attempts to resurrect dismissed claims and reinstate dismissed parties and plaintiff's numerous objections and motions to reconsider which appeared to be filed only for purposes of delay.[3] Judge O'Hara declined to impose sanctions, but stated that "the record, even as it currently stands, could support a sanctions ruling," and warned of "severe sanctions in the near future" if plaintiff continued to disregard court orders. See Doc. #257 at 9-10.

On August 10, 2006, Judge O'Hara ordered the parties to conduct on or before August 21, 2006 a planning conference pursuant to Rule 26(f). He also ordered them to submit a report of that planning conference by September 5, 2006, and to appear for a scheduling conference on September 15, 2006 at 3:00 p.m. See <u>Initial Order Regarding Planning and Scheduling</u> (Doc. #258). In response, on August 15, 2006, counsel for FHLB invited plaintiff to attend a planning conference at 2:00 p.m. on August 18, or to suggest another date and time for the conference. See Doc. #262, Ex. A. Plaintiff declined to attend any planning conference, Doc. #262, Exs. B and C, and no such planning conference occurred.

---

[3] FHLB also noted the Court's award of monetary sanctions for abuse of the judicial process in <u>Zhu v. St. Francis Health Center</u>, 413 F. Supp.2d 1232 (D. Kan.), <u>aff'd</u>, 2007 WL 274323 (10th Cir. 2006). In that case, the Court warned plaintiff that the Court could impose more severe sanctions if plaintiff continued to abuse the judicial system.

On August 28, 2006, Judge O'Hara denied plaintiff's motion for reconsideration of the orders dated August 10, 2006. Doc. #265. On September 25, 2006, plaintiff appealed that ruling. See Appeal Of Magistrate Judge Decision (Doc. #289).

On September 12, 2006, Judge O'Hara ordered the parties to appear for an in-person scheduling conference at 3:00 p.m. on September 15, 2006. Doc. #268. On the morning of September 14, 2006, plaintiff informed Judge O'Hara's staff that she would not be available at 3:00 p.m. Judge O'Hara then entered a minute order (Doc. #269) which (generously) changed the scheduling conference to 1:30 p.m. On the morning of September 15, 2006, plaintiff informed Judge O'Hara that 1:30 p.m. was not convenient, so he rescheduled the conference for a telephone conference at 11:00 a.m. See Doc. #270 n. 1 at p. 2. Plaintiff did not participate in the scheduling conference, however, and Judge O'Hara entered a scheduling order later that day. Doc. #270.

On February 22, 2007, this Court ordered plaintiff on or before March 2, 2007 to file a second amended complaint in compliance with Judge O'Hara's order of August 10, 2006. Doc. #410 at 7. The Court warned plaintiff that if she did not comply, "her case will be dismissed with prejudice without further notice." Id. In a separate order issued today and incorporated herein by reference, the Court finds that plaintiff did not file a second amended complaint on or before March 2, 2007. The Court finds that plaintiff fraudulently procured a March 2 file-stamp on the first page of her second amended complaint and then gave false testimony under oath concerning the filing of that pleading. The Court exercises its discretion under Rule 41(b) to dismiss the action with prejudice for plaintiff's failure to comply with federal rules and court orders. Fed. R. Civ. P. 41(b); see Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (district court may dismiss action under Rule 41(b) after considering whether certain factors support a dismissal).

Other Litigation By Plaintiff

Defendant has identified over 20 lawsuits which plaintiff has filed in state and federal courts in the last seven years. See, e.g., Zhu v. Bunting, Case No. 00C000665 (Shawnee County, Kan. Dist. Ct. Nov. 1, 2000)(plaintiff sought restraining order against Bunting; court denied her request and in related case granted him restraining order against plaintiff); Zhu v. Lemon, Case No. 00C000714 (Shawnee County, Kan. Dist. Ct.) (suit against defense counsel in Bunting, dismissed for failure to state claim), aff'd., 28 Kan. App.2d xxx, 20 P.3d 98 (2001) (table); Zhu v. Countrywide Realty Co., Case No. 00-2290 (D. Kan. Feb. 26, 2002)(in suit against Bunting and his employer, plaintiff unsuccessfully tried to repudiate settlement agreement), aff'd, 66 Fed. Appx. 840 (10th Cir.), cert. denied, 540 U.S. 1123 (2004); Zhu & Zhu v. Countrywide Realty Co., Case No. 01-2067, 2001 WL 533200 (D. Kan. May 10, 2001) (consolidating and then dismissing case because identical to claims in earlier filed case against Bunting's employer); Zhu v. Fisher, Cavanaugh, Smith & Lemon, 151 F. Supp.2d 1254 (D. Kan. 2001) (federal claims against defense counsel in Countrywide dismissed for failure to state claim); Zhu v. Whinery, No. 03-CV-05825-ABC (C.D. Cal.)(dismissing for improper venue malpractice suit against Kansas attorney who represented Zhu briefly in Kansas litigation), aff'd, 109 Fed. Appx. 137, 2004 WL 1662539 (9th Cir. 2004); Zhu v. Ashcroft, No. Civ. A 04-1216(RMC), 2005 WL 1378914 (D.D.C., June 9, 2005) (civil rights and conspiracy claims against Attorney General of United States, Judicial Council of Tenth Circuit, three Tenth Circuit Judges, United States District Judge and Magistrate Judge who mediated Countrywide), aff'd, 198 Fed. Appx. 6 (D.C. Cir. 2006), cert. denied, No. 06-8804, 2007 WL 506696, 127 S.Ct. 1361 (Feb. 20, 2007) ; Zhu v. Ashcroft, No. Civ. A 04-1408(RMC), 2006 WL 1274767 (D.D.C. May 8, 2006)(dismissing civil rights and conspiracy suit against Attorney General of United States, State of Kansas, Kansas Commission on Judicial Qualifications, court reporter in Bunting, judges of Kansas Court of Appeals who ruled against plaintiff in Bunting, Shawnee County District Attorney,

Board of Shawnee County Commissioners, individual commissioners and City of Topeka), cert. denied sub nom., Zhu v. Gonzales, No. 06-8567, 2007 WL 506451, 127 S.Ct. 1360 (Feb. 20, 2007); Zhu v. Kan. State Bd. of Healing Arts, Case No. 04CV3839 (Johnson County, Kan. Dist. Court dismissing malpractice and fraud claims against plaintiff's former psychiatrist and RICO claim against psychiatrist and Board of Healing Arts; re-filed in Shawnee County District Court as Case No. 04C1526 and summary judgment granted defendants on all claims); appeal dismissed, Case No. 95926 (Kan. Ct. App. Mar. 10, 2006), review denied, (Kan. June 8, 2006); Zhu v. St. Francis Health Ctr., Case No. 04CV3979 (Johnson County, Kan. Dist. Court June 17, 2005) (alleging perjury, fraud and malpractice against plaintiff's primary care physician regarding testimony concerning rape by Bunting and traffic accident involved in McCune), aff'd, 150 P.3d 926 (2007); Zhu v. St. Francis Health Ctr., 413 F.Supp.2d 1232 (D. Kan. 2006) (dismissing claims first asserted in state court case of Zhu v. St. Francis Health Ctr. on res judicata grounds), aff'd, 2007 WL 274323 (10th Cir. 2006); Zhu v. McCune, Case No. 01-CV-220414 (16th Judicial Cir. Court of Jackson County, Mo. Sept. 27, 2004) and 01-CV-220414-01[4] (16th Judicial Cir. Court of Jackson County, Mo. Oct. 25, 2004) (traffic accident case; jury found plaintiff 100 per cent at fault), aff'd, 2007 WL 324576 (Mo. Ct. App. 2007); Zhu v. Foster, Case No. 93733 (Kan. Jan. 28, 2005) (denying relief on petition for writ of mandamus against state district judge presiding in Zhu v. Kan. State Bd. of Healing Arts); Zhu v. First Atl. Bank, No. 05-00096-NRB, 2005 WL 2757536, at *8 (S.D.N.Y., Oct. 25, 2005) (dismissing suit against United States and Nigerian banks and foreign business corporation for losses which plaintiff incurred in internet scam); Zhu v. McCune, Case No. 05-cv-00100-DW (W.D. Mo. Aug. 24, 2005) (dismissing as frivolous RICO and conspiracy claims against defendant in traffic

---

[4] The reason for two separately docketed proceedings with two case numbers is not clear.

accident case, defendant's attorney and insurance carrier and attorney for insurance carrier), aff'd, No. 06-2608 (8th Cir. Aug. 10, 2006); In re Zhu, No. 05-3701(8th Cir. Oct. 17, 2005) (petition for writ of mandamus against presiding judge in Zhu v. McCune); Zhu v. Johns, DO, No. 07-4001-JAR-KGS (D. Kan., pending) (RICO claim originally filed in 2006 in District of Columbia against plaintiff's psychiatrist for false testimony and reports which interfered with plaintiff's attempts to obtain employment and with all previously-filed cases, including present action against FHLB); Zhu v. United States, No. 06-454-UNA (D.D.C. Mar. 10, 2006) (dismissing for lack of jurisdiction plaintiff's request that district court overturn Tenth Circuit decision in Zhu v. Countrywide Realty Co., 66 Fed. Appx. 840 (10th Cir. 2003)), appeal dismissed, No. 06-5106 (D.C. App. Sept. 20, 2006); In re Zhu, Case No. 05-24497-7 (Bankr. D. Kan. Dec. 30, 2005) (Chapter 7 personal bankruptcy action). Plaintiff has prevailed on the merits in only one case, namely, her bankruptcy action. Also, in Zhu v. Countrywide Realty, Case No. 00-CV-2290, the parties reached a settlement.[5]

Based on plaintiff's history of *pro se* filings in the above cases, plaintiff's abusive litigation tactics throughout this action and plaintiff's deceit regarding the filing date of her second amended complaint, FHLB asks the Court to prohibit plaintiff from filing any proceeding against FHLB, the dismissed parties in this case, their counsel, court personnel, their families and professional associates (1) in any federal court, without the representation of a licensed attorney, unless she first obtains the court's permission to proceed *pro se*, and (2) in any state court, without appending the Court's opinion and order of injunction to her first filing in state court. In response to FHLB's motion, plaintiff asserts, *inter alia*, that this Court lacks subject matter jurisdiction to entertain defendant's motion, that she has not engaged in abusive litigation and that FHLB did not follow the

---

[5]  As noted, plaintiff unsuccessfully tried to repudiate that settlement.

safe harbor provision of Rule 11. See Docs. ## 469, 470. For reasons set forth below and for substantially the reasons set forth in FHLB's briefs in support of its motion, the Court finds that filing restrictions are justified.

## Analysis

The right of access to the courts is neither absolute nor unconditional and the Constitution confers no right to prosecute frivolous or malicious actions. See Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994). The goal of fairly dispensing justice is compromised when the Court is forced to devote limited resources to processing repetitious and frivolous claims. In re Sindram, 498 U.S. 177, 180 (1991). Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. See Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). The exercise of this power should be limited, however, to well-documented and extreme cases. Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981). In addition, the litigant's history must indicate that her filings are predominantly malicious, frivolous or otherwise abusive. Litigiousness alone will not support an injunction restricting filing activities. Tripati, 878 F.2d at 353. Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See id. at 353-54.

In unpublished opinions the Tenth Circuit has applied a five-factor test in determining whether a court may limit a litigant's filing. See, e.g., United States v. Kettler, 934 F.2d 326 (Table), 1991 WL 94457, at *6 (10th Cir. 1991) (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986)). These factors include (1) the litigant's history of litigation and whether it entails vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g.,

8

whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether lesser sanctions would be adequate to protect the courts and other parties. Id. Ultimately, the question is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. Safir, 792 F.2d at 24.

The Court finds that all five factors weigh strongly in favor of limiting plaintiff's *pro se* filings in this Court.

In this case, plaintiff filed numerous successive motions and appeals, most of which were vexatious and meritless efforts to amend her complaint. Plaintiff has authored the majority of the 472 documents on the docket sheet. In successive attempts to reintroduce dismissed claims, plaintiff has repeatedly refused to follow Court orders. Plaintiff's abusive and repetitive filings have strained the resources of this Court, and undoubtedly those of defendants as well. See In re McDonald, 489 U.S. 180, 184 (1989).

Plaintiff asserts that FHLB is the one who has engaged in abusive and repetitive filings. A review of the record, however, compels the opposite conclusion. Plaintiff has a long history of vexatious, harassing and duplicative lawsuits which arise out of a few singular incidents: plaintiff's efforts to buy a house in Topeka in 1998, a car accident on September 1, 1999, the termination of plaintiff's employment on July 26, 2001, and a Nigerian email scam in November of 2003. Many of plaintiff's suits seek to re-litigate issues already litigated, against ever-wider circles of defendants. See, e.g., Zhu & Zhu v. Countrywide Realty Co., Case No. 01-2067 (D. Kan. 2001) (all claims personal to plaintiff contained in prior suit against Countrywide); Zhu v. United States, Case No. 06-454-UNA (D.D.C., Mar. 10, 2006) (dismissed for lack of jurisdiction because appellant's

9

complaint asked district court to overturn Tenth Circuit decision in Zhu v. Countrywide Realty Co., Inc., 66 Fed. Appx. 840 (10th Cir. 2003)); Zhu v. St. Francis Health Ctr, 413 F. Supp.2d. at 1240 (seeking to relitigate issues from Zhu v. St. Francis Health Ctr., District Court of Johnson County, Kansas, Case No. 04CV3979); Zhu v. McCune, Case No. 05-cv-00100-DW (W.D. Mo. Aug. 24, 2005); aff'd, No. 06-2608 (8th Cir. Aug. 10, 2006) (civil RICO, civil conspiracy and state law claims against traffic accident defendant, defendant's attorney, defendant's insurance carrier and attorney for defendant's insurance carrier). Further, in three of plaintiff's cases the court found that either the entire case or one of the claims was frivolous. See Zhu v. St. Francis Health Ctr.,413 F. Supp.2d 1232 (D. Kan. 2006) (plaintiff violated Rule 11 by filing suit; warning of potential restrictions on filing), aff'd, 2007 WL 274323 (10th Cir. 2006); Zhu v. First Atl. Bank, No. 05-00096-NRB, 2005 WL 2757536, at *8 (S.D.N.Y. Oct. 25, 2005) (RICO claim frivolous); Zhu v. McCune, Case No. 05-cv-00100-DW (W.D. Mo. Aug. 24, 2005) (all seven counts in complaint dismissed as frivolous). Except for her first lawsuit and her personal bankruptcy case, none of plaintiff's cases have yielded any relief for plaintiff. The majority of plaintiff's suits, however, are not merely without merit. They are manifestly abusive, overreaching and straining on court resources. The first factor weighs in favor of filing restrictions.

As to the second factor, plaintiff's motive in pursuing litigation, plaintiff has repeatedly sought to reassert dismissed claims and parties in this case. The record and the law strongly indicated that her claims were futile and the Court clearly instructed plaintiff to that effect. Plaintiff's conduct did not reflect an objective good faith expectation that she would prevail on those claims. Similarly, as noted, many of plaintiff's previous suits sought to re-litigate issues already litigated. Plaintiff could not have had an objective good faith expectation that she would prevail in

those cases.[6] Likewise, where plaintiff filed a frivolous lawsuit or claim, she could have no objective good faith expectation of prevailing.[7] The second factor weighs in favor of filing restrictions.

As for the third factor, plaintiff is not represented by counsel in this case. Plaintiff represents herself as an "EJD" (which apparently refers to an on-line juris doctorate) and has appeared *pro se* in all but one of the 20-plus actions she has filed. This factor weighs in favor of filing limitations.

The fourth factor is whether the litigant has caused needless expense to the other parties or imposed an unnecessary burden on the courts. As FHLB points out, plaintiff in this case has repeatedly filed motions to reconsider and made numerous attempts to reassert claims which the Court has dismissed. FHLB has incurred needless expense in responding to plaintiff's fraudulently filed second amended complaint and participating in a day-long hearing regarding the circumstances of that filing. Moreover, as noted above, plaintiff has filed many lawsuits which included claims and/or issues already litigated or clearly frivolous. In each of these cases plaintiff has caused needless expense to the other parties and imposed an unnecessary burden on the courts. This factor weighs in favor of filing restrictions.

The fifth factor is the efficacy of lesser sanctions. In Zhu v. St. Francis Health Center, the Court imposed monetary sanctions against plaintiff to deter her from filing further frivolous lawsuits and punish her for litigation abuse. 413 F. Supp.2d at 1242-43. The Court warned plaintiff that it would not hesitate to impose filing restrictions to address abusive and repetitive filings. Id. The monetary sanction and the Court's stern warnings did not deter plaintiff from making groundless

---

[6] See, e.g., Zhu & Zhu, Case No. 01-2067 (D. Kan. 2001); Zhu v. United States, No. 06-454-UNA (D.D.C. Mar. 10, 2006); Zhu v. St. Francis Health Ctr, 413 F. Supp.2d. at 1240; Zhu v. McCune, Case No. 05-Cv-00100-DW (W.D. Mo. Aug. 24, 2005).

[7] See, e.g., Zhu v. First Atl. Bank, No. 05-00096-NRB, 2005 WL 2757536, at *8; Zhu v. St. Francis Health Ctr., 413 F. Supp.2d at 1240; Zhu v. McCune, Case No. 05-cv-00100-DW (W.D. Mo. Aug. 24, 2005).

attempts to revive claims in this case and ignoring the orders of the Court. Plaintiff's continued abusive litigation activities in other cases indicate that monetary sanctions and warnings are unlikely to deter her from filing further frivolous lawsuits. The five factors all weigh in favor of filing limitations.

After carefully reviewing the briefs and the extensive record in this case, the Court finds that filing restrictions are necessary to regulate plaintiff's abusive litigation activities and to protect potential future defendants. Where a court restricts a litigant's court access, it must set forth clear guidelines so that the litigant knows how to obtain the court's permission to file an action. See Tripati, 878 F.2d at 354; In re Winslow, 17 F.3d 314, 316 (10th Cir. 1994) (setting out steps plaintiffs must take to obtain permission to proceed *pro se*). To protect other parties and the Court from plaintiff's frequent and frivolous litigation, her access to the Court is restricted as follows:

> **Unless she first obtains leave of the Court to proceed *pro se*, plaintiff is prohibited from initiating a civil action in the United States District Court for the District of Kansas without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court.**

The specific procedures for obtaining the Court's permission to proceed *pro se* are outlined in Appendix A to this opinion. See In re Winslow, 17 F.3d at 316; Ketchum v. Cruz, 775 F. Supp. 1399, 1404 (D. Colo. 1991).

**IT IS THEREFORE ORDERED** that Defendant's Motion For Pleading Limitations (Doc. #457) filed March 22, 2007 by Federal Home Loan Bank of Topeka be and hereby is **SUSTAINED in part, as follows:**

**Unless she first obtains leave to proceed *pro se*, Xiangyuan Zhu is ENJOINED from filing any claim in the United States District Court For The District of Kansas without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court.**

12

Except in compliance with this order, the Clerk of the Court shall not accept any pleading from plaintiff which purports to initiate a civil action.

The Clerk shall create and maintain an electronic file with the title "In the Matter of Xiangyuan Zhu." This file shall serve as the repository of all documents which she submits pursuant to this Order and any order entered pursuant to this Order. The Clerk shall also maintain a docket sheet associated with the file.

Although plaintiff has responded to defendant's motion for pleading limitations, the Court's ruling that plaintiff obtain leave to file any *pro se* action is broader than defendant's proposed restrictions. Plaintiff is therefore entitled to an opportunity to object to the Court's proposed sanction *only* to the extent that it goes beyond the limitations addressed in defendant's motion. See Tripati, 878 F.2d at 354. Plaintiff shall have until **May 7, 2007 at 4:30 p.m.** to file such written objections. The objections shall be limited to fifteen pages. **The Court's order of stay entered on March 23, 2007 is lifted for the limited purpose of allowing plaintiff to file such objections. If plaintiff files no objections, or the Court does not find the objections persuasive, the restrictions shall go into effect on May 11, 2007 without further order of the Court.**

Dated this 1st day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

### APPENDIX A

**Procedures for Petition Seeking Leave To File *Pro Se* Action**

Any documents which plaintiff wishes to submit for filing shall be mailed or hand-delivered during regular business hours to the Clerk of the United States District Court, United States Courthouse, 444 Southeast Quincy, Topeka, Kansas 66683. As a prerequisite to filing a *pro se*

13

complaint, plaintiff must submit three documents:

>   (1)   "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action,"
>
>   (2)   An affidavit as directed below and
>
>   (3)   The complaint which plaintiff proposes to file in this Court.

1.  The Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action must contain the following information:

    (a) As to each defendant, whether that defendant previously was a party, or was in any way involved in, any prior lawsuit by plaintiff, and if so, in what capacity, and

    (b) As to any state or federal lawsuit to which plaintiff is or has been a party, the case caption, plaintiff's involvement in the suit, the status and disposition of each lawsuit.

2.  The affidavit shall be in proper legal form and must state the following:

    Whether plaintiff has previously raised the proposed claims in any federal or state court.

3.  The proposed complaint must comply with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Kansas.

If plaintiff submits a petition for leave to file a *pro se* action pursuant to this order, the Clerk of the Court will accept the documents, mark them received, and immediately forward them to the undersigned judge.  Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying plaintiff's petition.  If the Court grants the petition, the Clerk of the Court shall file the complaint and related materials effective the date of the order.  The case shall be assigned pursuant to the Local Rules of Practice.

This order shall not interfere with pending federal litigation which involves plaintiff.