IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIANGYUAN ZHU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 04-2539-KHV |
| v. | ) |
| | ) |
| FEDERAL HOUSING FINANCE BOARD, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER

On May 1, 2007, based on plaintiff's pattern of abusive litigation, the Court ordered that

"[u]nless she first obtains leave of the Court to proceed *pro se,* plaintiff is prohibited from initiating

a civil action in the United States District Court for the District of Kansas without the representation

of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court."

Memorandum And Order (Doc. #473) at 12.  The Court outlined specific procedures for plaintiff

to seek the Court's permission to proceed *pro se*.  This matter comes before the Court on plaintiff's

Objection[s] To Memorandum And Order Dated May 1, 2007 ("Objections") (Doc. #475),[1] filed

May 7, 2007, which the Court construes as both objections to the Court's order and a motion to

recuse.  After careful review, the Court finds that plaintiff's objections and motion to recuse should

be overruled.

---

[1]     The Court's restrictions differed from defendant's proposed restrictions (to which
plaintiff had filed a memorandum in opposition).  Therefore the Court allowed plaintiff a further
opportunity to object to the Court's restrictions.

**I.      Motion To Recuse**

In her objections, plaintiff asks that "[b]ecause of the appearance of the presiding judge's

personal bias or prejudice concerning plaintiff," the undersigned remove herself from this case.[2] See

Objections (Doc. #475) at 14 n.11 (citing Doc. #474).  The Court treats plaintiff's argument as a

request for recusal under 28 U.S.C. §§ 144 and 455(a).

The Court exercises discretion in deciding whether to recuse.  See Weatherhead v. Globe

Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).  Section 144 provides that

> [w]henever a party to any proceeding in district court makes and files a timely
> affidavit that the judge before whom the matter is pending has a personal bias or
> prejudice either against him or in favor of any adverse party, such judge shall
> proceed no further therein, but another judge shall be assigned to hear such
> proceedings.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice
> exists, and shall be filed not less than ten days before the beginning of the term at
> which the proceeding is to be heard, or good cause shall be shown for failure to file
> it within such time.  A party may file only one such affidavit in any case.  It shall be
> accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Plaintiff has not filed an affidavit in compliance with Section 144.  In addition,

plaintiff's allegation of bias appears to be based purely on her disagreement with the Court's rulings.

Such allegations are insufficient to require recusal under Section 144.  See Glass v. Pfeffer, 849 F.2d

1261, 1267-68 (10th Cir. 1988).

Likewise, plaintiff has not shown a proper basis for recusal under Section 455(a).  That

statute requires a judge to recuse "in any proceeding in which [her] impartiality might reasonably

be questioned."  28 U.S.C. § 455(a).  The judge's subjective state of mind is irrelevant.  See United

---

[2]      Plaintiff also asks that Magistrate Judge James P. O'Hara recuse.  The Court has
dismissed the case with prejudice, however, and no matters are pending before Judge O'Hara in this
case.  Plaintiff's motion for Judge O'Hara to recuse is therefore moot.

-2-

States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  The test is objective: "whether a reasonable

person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  Id.

(further quotations omitted).  Here, plaintiff essentially argues that adverse rulings demonstrate bias.

Adverse rulings, however, are not a sufficient basis for recusal.  See id. at 994; see also Hinman v.

Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (judge should not recuse on unsupported, irrational or

highly tenuous speculation).  Plaintiff alleges no facts which suggest that a reasonable person would

question the impartiality of the undersigned judge.  Recusal under Section 455(a) is therefore

inappropriate.

## II.     Plaintiff's Objections to Filing Restrictions

Plaintiff  argues that the Court erroneously found that she engaged in abusive litigation

tactics in this case.[3]  The Court outlined the factual basis for finding that plaintiff's conduct in this

case was abusive and vexatious, see Memorandum and Order (Doc. #473) at 1-4, and those facts

speak for themselves.  Further, plaintiff asserts that the Court abused its discretion when it dismissed

this case with prejudice for failure to comply with federal rules and Court orders.  Specifically,

plaintiff contends that the Court's finding that plaintiff fraudulently obtained a judicial file-stamp

on her second amended complaint and then gave false testimony under oath is unsupported by the

evidence.  The Court heard a day of evidence before ruling and did not come to the conclusion

lightly.  Again, the record on this issue speaks for itself.

Plaintiff next argues that the Court erroneously applied the five-factor test cited in United

States v. Kettler, 934 F.2d 326 (Table), 1991 WL 94457, at *6 (10th Cir. 1991), to determine

---

[3]     As a preliminary matter, plaintiff asserts that FHLB had no standing to ask for filing
restrictions because it was not a party to plaintiff's prior litigation.  Plaintiff's argument has no
merit. See Howard v. Mail-Well Envelope Co., 150 F.3d 1227, 1232 (10th Cir. 1998) (court has the
inherent power to impose restrictions on future filings *sua sponte*).

whether to restrict her filings.  Specifically, plaintiff argues that the <u>Kettler</u> test applies only to litigation by prisoners and those who proceed *in forma pauperis*.  Courts use the five-factor test to determine whether to impose filing restrictions in any case; the test is not limited to prisoners or litigants who proceed *in forma pauperis*.  <u>See</u> <u>Kettler</u>, 1991 WL 94457, at *6 (citing <u>Safir v. U.S. Lines, Inc.</u>, 792 F.2d 19, 24 (2d Cir. 1986)).

Finally, plaintiff submits an exhibit in which she attempts to rebut the Court's description of her abusive litigation history.  <u>See</u> <u>Objections</u> (Doc. #475), Plaintiff's Exhibit 3.  Plaintiff states that each of her lawsuits was authorized by law, supported by facts and filed in good faith.  As to each case, plaintiff offers her explanation why the court erred when it dismissed a case and/or found her claims frivolous.  Plaintiff repeatedly explains her conduct as responsive to threats by defendants or the Court, or as a mistake by a hapless *pro se* litigant.  <u>See</u>, e.g., Plaintiff's Ex. 3 at 7-8, <u>Zhu v. Fisher, Cavanaugh, Smith & Lemon</u> (counsel for Bunting threatened plaintiff, she therefore filed suit against them); Plaintiff's Ex. 3 at 15, <u>Zhu v. Foster</u> (state court judge threatened plaintiff so she filed writ of mandamus); Plaintiff's Ex. 3 at 10, <u>Zhu v. Ashcroft</u> (plaintiff "as a lay woman, forced to acting as a *pro se*," made mistakes in naming defendants).  Plaintiff has not convinced this Court that it mistakenly concluded that plaintiff has engaged in abusive and vexatious litigation.  After carefully reviewing plaintiff's objections, the Court remains firmly convinced that filing restrictions are necessary.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Objection[s] To Memorandum And Order Dated May 1, 2007</u> (Doc. #475) filed May 7, 2007, which the Court construes as both objections to the Court's order and a motion to recuse, be and hereby are **OVERRULED**.  The filing restrictions and procedures set out in the Court's <u>Memorandum and Order</u> (Doc. #473) filed May 1, 2007, are effective May 11, 2007.

-4-

Dated this 15th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge