# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

XIANGYUAN ZHU,                              )
                                            )
           **Plaintiff,**                   )
                                            )       **Case No. 04-2539-KHV**
**v.**                                      )
                                            )
**FEDERAL HOUSING FINANCE BOARD,**          )
**et al.,**                                 )
                                            )
           **Defendants.**                  )
_____)

## MEMORANDUM AND ORDER

On February 22, 2007, the Court ordered that plaintiff no later than March 2, 2007 file a second amended complaint in compliance with an order which Magistrate Judge James P. O'Hara entered on August 10, 2006.[1]  Doc. #410 at 7.  The Court warned plaintiff that if she did not comply with the order, "her case will be dismissed with prejudice without further notice."  Id.  Although the Court received a second amended complaint which was file-stamped Friday, March 2, 2007, see Doc. #433, the circumstances suggested a procedural irregularity in the filing of that complaint. Therefore, on March 23, 2007, the Court conducted an evidentiary hearing to address that issue. Based on the record evidence, the Court found that plaintiff's second amended complaint should be stricken.  See Order (Doc. #474) filed May 1, 2007.  Further, on May 15, 2007, after plaintiff responded to proposed filing restrictions, the Court ordered that "[u]nless she first obtains leave of the Court to proceed *pro se,* plaintiff is prohibited from initiating a civil action in the United States

---

[1]     The Court has set out a detailed description of the case proceedings in the Memorandum And Order (Doc. #186) filed September 22, 2005, and the Order (Doc. #410) filed February 22, 2007.

District Court for the District of Kansas without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court." See Doc. #477, citing Memorandum And Order (Doc. #473) at 12.[2]

This case comes before the Court on plaintiff's Motion To Vacate The Court's Order [Doc. 474] Of Dismissal For The Alleged Failure To Comply With Court's Order Of February 22, 2007 (Doc. #477) filed May 15, 2007, which the Court construes as a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P.; plaintiff's Motion To Recuse (Doc. #479) filed May 18, 2007; Plaintiff's Motion To Set Aside The Court's Memorandum And Order Dated May 1, 2007 [Doc. 473] And Order Dated May 15, 2007 [Doc. 476] (Doc. # 483) filed May 29, 2007, which the Court construes as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P.; and plaintiff's letter of May 30, 2007 to Chief Judge John W. Lungstrum, which the Court construes as a motion to recuse (Doc. #487).  For reasons set forth below, the Court finds that plaintiff's motions should be overruled.

## I.    Motions To Recuse

In her motions for recusal, plaintiff asserts that Magistrate Judge James P. O'Hara and the undersigned judge should recuse because of their "continuing animosity" in this proceeding and because they each presided in Zhu v. Countrywide Realty Co., Case No. 00-2290 (in which the Court enforced a settlement agreement) and Zhu v. St. Francis Health Center, Case No. 05-2139 (in which the Court imposed monetary sanctions on plaintiff).  In a 51-page affidavit in support of her motions to recuse, plaintiff alleges that in judicial rulings, Judge O'Hara and the undersigned have

---

[2]    The Court outlined specific procedures for plaintiff to seek the Court's permission to proceed *pro se*.

expressed opinions which reveal bias and prejudice against plaintiff.

The Court first notes that as to Judge O'Hara, the Court has dismissed the case and no motions are or will be pending before him.  The motion for recusal of Judge O'Hara is therefore overruled as moot.

The Court treats plaintiff's argument as a request for recusal under 28 U.S.C. §§ 144 and 455(a) and (b).  The Court exercises discretion in deciding whether to recuse.  See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).  Section 144 provides that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Plaintiff's allegation of bias appears to be based in part on her disagreement with the Court's rulings.  Such allegations are insufficient to require recusal under Section 144.  See Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988).  In addition, plaintiff also asserts that the undersigned has made "intemperate and misleading" statements, including that "[t]he Court is loathe to call plaintiff a liar, especially in light of her superficial attitude of respect, compliance and confusion and her professed limitations in the English language," Doc. #474 at 7, and that "[the Court] cannot tolerate conduct which is so clearly calculated . . . to work a fraud upon the Court," id. at 8.  Although express language in judicial rulings may evidence bias or prejudice, this is not such a case.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (opinions formed by judge on basis of facts or events in course of proceedings or prior proceedings do not constitute basis for

3

bias or partiality motion unless they display "deep-seated favoritism or antagonism that would make fair judgment impossible").

Likewise, plaintiff has not shown a proper basis for recusal under Section 455(a). That statute requires a judge to recuse "in any proceeding in which [his or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge's subjective state of mind is irrelevant. See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). The test is objective: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Id. (further quotations omitted). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (judge has as strong a duty to sit when there is no legitimate reason to recuse as she does to recuse when law and facts require). Here, plaintiff argues that adverse rulings demonstrate bias, and again points to the Court's statements that plaintiff attempted to work a fraud upon the Court. Plaintiff, however, alleges no facts which suggest that a reasonable person would question the impartiality of the undersigned judge. Recusal under Section 455(a) is therefore inappropriate.

Under Section 455(b)(l), a judge must disqualify if she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. Cooley, 1 F.3d at 992-93. Consequently, a judge should not recuse on unsupported, irrational, or highly tenuous speculation. Here, plaintiff again argues that adverse rulings and the language employed therein demonstrate bias. This is not a sufficient basis for recusal. See id. at 994. Further, the undersigned has no personal bias or prejudice against plaintiff. See Liteky, 510 U.S. at 554-55 (bias and prejudice must come from an extrajudicial

4

source).   Accordingly, the Court finds that recusal is not necessary and proceeds to consider plaintiff's remaining motions.

## II.        Motion To Vacate The Order Of Dismissal (Doc. #477)

In her motion to vacate, plaintiff asserts that the Court erred in dismissing her complaint with prejudice.  Because plaintiff filed her motion within ten days of the dismissal order, the Court construes the motion to vacate as a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P.   A motion under Rule 59(e) is essentially a motion for reconsideration. Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530, 532 (D. Kan. 1995).  The Court has discretion whether to grant or deny a motion to reconsider.  Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).   The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff does not argue the first ground for reconsideration – an intervening change in controlling law.  Plaintiff contends that the Court's factual finding – that she fraudulently obtained a judicial file-stamp on her second amended complaint and then gave false testimony under oath – is unsupported by the evidence.  Plaintiff has presented no new evidence which is relevant to the Court's factual findings, however, and the Court finds that she is not entitled to reconsideration based on newly discovered evidence.  Finally, plaintiff asserts that the Court must reverse its decision to dismiss her case in order to avoid manifest injustice.  Plaintiff cites no authority for the

5

proposition that in these circumstances dismissal with prejudice is unjustified.  The Court therefore denies plaintiff's motion to reconsider the dismissal of her case with prejudice.

**III.     Motion To Set Aside Memorandum And Order Dated May 1, 2007 [Doc. 473] And Order Dated May 15, 2007 [Doc. 476] (Doc. # 483)**

In her "motion to set aside," plaintiff presents numerous arguments why the Court should not have restricted her *pro se* filings in this Court.  The Court proposed the restrictions in its memorandum and order of May 1, 2007, but it actually imposed the restrictions in its order of May 15, 2007.  The Court therefore construes plaintiff's motion (Doc. #483) filed on May 29, 2007, as a motion under Rule 59(e).  See Bell v. Bd. of County Comm'rs, Case No. 03-2148, 2005 WL 1123891, at *1 (D. Kan. May 10, 2005) (if motion served within ten days of rendition of judgment, motion ordinarily will fall under Rule 59(e)).

As noted above, the Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Major, 647 F.2d at 112; Burnett, 929 F. Supp. at 1360.  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.  Van Skiver, 952 F.2d at 1243.

Plaintiff has not shown an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  The Court therefore denies plaintiff's motion to reconsider the filing restrictions under Rule 59(e).

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Vacate The Court's Order [Doc. 474] Of Dismissal For The Alleged Failure To Comply With Court's Order Of February 22, 2007 (Doc. #477) filed May 15, 2007, which the Court construes as a motion to alter or amend the

6

judgment under Rule 59(e), Fed. R. Civ. P.; plaintiff's <u>Motion For Recusal</u> (Doc. #479) filed May 18, 2007; <u>Plaintiff's Motion To Set Aside The Court's Memorandum And Order Dated May 1, 2007 [Doc. 473] And Order Dated May 15, 2007 [Doc. 476]</u> (Doc. # 483) filed May 29, 2007, which the Court construes as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P.; and plaintiff's letter of May 30, 2007 to Chief Judge John W. Lungstrum, which the Court construes as a motion to recuse (Doc. #487), be and hereby are **OVERRULED**.

Dated this 19th day of July, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

7